IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL ALLEN BERLIN, Individually and as Independent Administrator of the Estate of CALEB RAY EMORY, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MONIQUE L. MANDERSON, et al.,<br><br>Defendants. | Case No. 23-CV-1912-MAB |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 48); Plaintiff's Motion for Leave to File Under Seal (Doc. 49); and Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 19). For the reasons set forth below, Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED (Doc. 48); Plaintiff's Motion for Leave to File Under Seal is DENIED without prejudice (Doc. 49); and Defendants' Motion to Dismiss is DENIED as MOOT, without prejudice (Doc. 19).

1. *Motion for Leave to File First Amended Complaint (Doc. 48)*

Plaintiff, Darrell Allen Berlin, individually and as independent estate administrator of the estate of Caleb Ray Emory, deceased, filed his original complaint on June 2, 2023 (Doc. 1). Plaintiff's complaint raised one claim against Defendants Manderson, Bullar, Schoos, and Koeneman, alleging they failed to provide medical

attention to Mr. Emory in violation of the Eighth and Fourteenth Amendments (*Id.*). On August 18, 2023, Defendants Manderson and Schoos moved to dismiss Plaintiff's claim against them (Doc. 19; *see also* Doc. 20). Thereafter, Plaintiff filed the instant Motion for Leave to File First Amended Complaint (Doc. 48) and Motion for Leave to File Under Seal (Doc. 49) on February 28, 2024.

Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave [to amend] when justice so requires." In interpreting Rule 15(a), the Supreme Court of the United States has explained that Rule 15(a)'s "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, district courts can deny leave to amend without abusing their discretion "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile[.]" *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Here, Plaintiff seeks to amend his complaint to raise seven additional counts and name several additional Defendants (Doc. 48).[1] Generally, the new counts seek to raise claims against the new Defendants and add claims of willful and wanton conduct against existing Defendants (Doc. 48-1). Plaintiff contends that he seeks to amend his complaint to reflect newly shared discovery materials that he received on February 16, 2024 (Doc. 48 at p. 2). Defendants did not file a response in opposition to Plaintiff's motion to amend and Plaintiff's motion states that it is "Unopposed." (*Id.* at p. 3).

---

[1] Plaintiff's motion for leave to amend states Plaintiff "seeks to add facts related to Mr. Millsap, Ms. Guethle, and Ms. Poindexter, and include them as Defendants." (Doc. 48, p. 2). Significantly, however, Plaintiff's Proposed First Amended Complaint does not list Ms. Poindexter as a Defendant and does not raise any claims against her (*see generally* Doc. 48-1). Accordingly, the Court assumes Plaintiff no longer wishes to add Ms. Poindexter as a Defendant.

Case 3:23-cv-01912-MAB   Document 53   Filed 03/21/24   Page 3 of 5   Page ID #250

The Court has identified several reasons to grant Plaintiff's motion for leave to amend (Doc. 48). First, Rule 15(a) and the Supreme Court both direct this Court to freely grant leave to amend absent reasons to the contrary. *See Foman*, 371 U.S. at 182. And second, having reviewed: (1) the record, (2) the timeliness of Plaintiff's motion, and (3) the contents of the proposed amended complaint itself, the Court does not believe any of the reasons discussed in *Arreola* for denying a motion to amend are applicable. *See* 546 F.3d at 796. Here, Plaintiff's motion to amend was made as soon as possible after receiving new discovery materials and it was also made relatively early on in the course of these proceedings. Finally, it is also significant that Defendants have not filed any response in opposition or opposed this motion (Doc. 48-1 at p. 3). Accordingly, Plaintiff's motion for leave to amend is granted (Doc. 48).[2]

2. *Motion for Leave to File Under Seal (Doc. 49)*

Plaintiff also filed a motion for leave to file amended pleadings under seal, which seeks to file under seal the proposed complaint attached as Exhibit 1 to Plaintiff's Motion for Leave to Amend (Doc. 49). Plaintiff argues this document should be filed under seal because it "cannot be disclosed per 20 ILCS 1305/1-17(m)." (*Id.* at p. 1).

The Court is not persuaded by Plaintiff's brief and undeveloped argument. 20 ILCS 1305/1-17(m) discusses investigative reports and, in what the Court presumes is the

---

[2] Plaintiff's proposed amended complaint does not conform with SDIL Local Rule 15.1(b)(2), which requires that "[a]ll new or amended material in a proposed amended pleading must be underlined or submitted in redlined form." Here, the Court has granted Plaintiff's motion even though his filing does not comply with Local Rule 15.1(b)(2) for the reasons discussed above. However, any future, proposed amended filings must comply with this rule. Furthermore, when filing his amended complaint, Plaintiff is also ORDERED to submit an underlined or redlined version of his amended complaint to the undersigned's proposed documents inbox (MABpd@ilsd.uscourts.gov).

Page 3 of 5

portion Plaintiff seeks to invoke, provides that "[a]ll investigative reports prepared by the Office of the Inspector General shall be considered confidential and shall not be released except as provided by the law of this State or as required under applicable federal law." Yet, even assuming that provision protects certain investigative reports in federal cases, Plaintiff has provided no explanation for why it applies to Plaintiff's proposed amended complaint itself. *See Dewitt v. Proctor Hosp.*, No. 06-CV-1181, 2009 WL 10720787, at *1 (C.D. Ill. May 22, 2009) ("Defendant's bare motion makes no argument as to what authority would require the sealing of medical records of a deceased person. In light of the preference for public disclosure of material necessary for the determination of a claim or defense, this Motion to Seal cannot be granted on the record before the Court."). In fact, the Seventh Circuit has repeatedly emphasized that documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002). Undoubtedly, an amended complaint is a document that influences or underpins judicial decisions. Indeed, it's difficult to imagine otherwise. Consequently, in light of the longstanding presumption in favor of public disclosure, the Court DENIES without prejudice Plaintiff's motion to file under seal (Doc. 49).

   3. *Motion to Dismiss for Failure to State a Claim (Doc. 19)*

Defendants Manderson and Schoos have also filed a motion to dismiss for failure to state a claim (Doc. 19). However, in light of the Court's decision to grant Plaintiff leave to file an amended complaint, which would include additional facts and claims related

to Defendants Manderson and Schoos, the Court DENIES as MOOT Defendants' motion to dismiss. Pertinently, this denial is without prejudice, meaning Defendants will be permitted to file a renewed motion to dismiss after Plaintiff has filed his amended complaint. *See* SDIL Local Rule 15.1(b) ("Unless otherwise ordered by the Court, whenever an amended pleading is filed, any motion attacking the original pleading will be deemed moot.").

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED (Doc. 48); Plaintiff's Motion for Leave to File Under Seal is DENIED without prejudice (Doc. 49); and Defendants' Motion to Dismiss for Failure to State a Claim is DENIED as MOOT, without prejudice (Doc. 19).

Plaintiff shall file the First Amended Complaint on or before **March 28, 2024**.

**IT IS SO ORDERED.**

DATED:  March 21, 2024

                                          s/ Mark A. Beatty
                                          **MARK A. BEATTY**
                                          **United States Magistrate Judge**